# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUSTIN EVERETTE HANEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6308** |
| **W.S. "SANDY" McCAIN, ET AL.** | **SECTION: "J"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Dustin Everette Haney, a state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He sued W.S. "Sandy" McCain, Beverly T. Kelly, Karla Hillman, and James M. LeBlanc. In this lawsuit, plaintiff claims that he has been denied credit against his sentence which would entitle to him to an early release from incarceration.

Specifically, plaintiff alleges that he was designated as a maximum-security inmate when he arrived at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. Shortly after his arrival, he was required to participate in a five-month rehabilitation program. He alleges that prisoners who complete the program are entitled to 120 days of credit toward diminution of their sentences. He further alleges that he completed the program (although that fact is apparently disputed by prison officials). When he thereafter failed to receive the participation credit to which he believed he was entitled, he complained. In response, defendant Hillman, the rehabilitation program's coordinator, explained that maximum-security inmates are ineligible for credit for participating in the program. Believing that Hillman was misinterpreting the prison's policies concerning the program, plaintiff continued to complain. The remaining defendants failed to intervene and, as a result, he still has not been awarded any credit toward diminution of his sentence.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490

U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

As an initial matter, the Court notes that plaintiff has not specified the relief he is requesting. However, it appears that he may be seeking a judgment ordering that he be awarded credit for participation in the program so he would be entitled to an earlier release from incarceration. If that is in fact the relief he desires, it cannot be awarded in a civil action brought

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); accord Hernandez v. Livingston, 495 Fed. App'x 414, 417 (5th Cir. 2012) ("As Hernandez's claim for credit on his sentence for the time he spent on mandatory supervision, if successful, would necessarily demonstrate the invalidity of the duration of his current confinement, it could not be brought in the present § 1983 action."); Ellis v. Jones, Civ. Action No. 2:12-cv-893, 2013 WL 2948024, at *1 (S.D. Miss. June 14, 2013) (Plaintiff arguing that "the calculation of his sentence should include credit for meritorious earned time … cannot maintain the instant § 1983 civil action, but must pursue this cause by filing a petition for habeas relief.").[2]

---

[2] While this Court could, of course, construe the complaint in part as an application for federal *habeas corpus* relief, the undersigned declines to recommend that course of action because plaintiff simply is not entitled to such relief for the following reasons.

A state prisoner may seek *habeas corpus* relief under either § 2241 or § 2254 of Title 28 of the United States Code. Specifically, relief should be sought under § 2254 if the prisoner is challenging the legality of his underlying state conviction or the sentence imposed by the trial court, while relief should be sought under § 2241 if he is instead challenging the manner in which prison officials are executing his sentence. Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995). It appears that plaintiff is attempting the latter type of challenge.

In any event, regardless of whether a prisoner is seeking relief under § 2241 or § 2254, he must first exhaust his remedies in the state courts. See 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies in *habeas corpus* actions brought pursuant to § 2254); Edge v. Stalder, 83 Fed. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in *habeas corpus* actions brought pursuant to 28 U.S.C. § 2241); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (same). Moreover, as the United States Fifth Circuit Court of Appeals has explained:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

Here, plaintiff does not indicate that he has asserted his claim to the Louisiana Supreme Court. Further, in a telephone conversation on December 28, 2015, this Court confirmed with the Clerk's Office of the Louisiana Supreme Court that plaintiff has not filed any applications with that court. Clearly, therefore, he has not exhausted his state court remedies with respect to his instant claim. Accordingly, it would be futile to construe the complaint in part as a *habeas corpus* petition, because plaintiff would not be entitled to *habeas* relief based on his failure to exhaust his remedies in the state courts.

To the extent that plaintiff is seeking some other form of relief, his claim still fails. Here, plaintiff argues that, under *state* law and regulations, he is entitled to earn rehabilitation credits while incarcerated. However, even if plaintiff is correct on that point, which is an issue this federal court need not reach, relief may be granted in a § 1983 action based only on the deprivation of a *federal*, not a state, right.[3]

To the extent that plaintiff is attempting to argue that he is being denied his federal right to due process by being deemed ineligible to earn rehabilitation credit as a result of his custody status, that claim clearly fails. A denial of an opportunity to earn credit toward a diminution of a sentence does not rise to the level of "a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); accord Warner v. Owner, Louisiana Correctional Services, Inc., Civ. Action No. 6:11-cv-0622, 2011 WL 4551178, at *3 (W.D. La. Aug. 26, 2011), adopted, 2011 WL 4551173 (W.D. La. Sept. 29, 2011); Clark v. Owner, Louisiana Correctional Service, Inc., Civ. Action Nos. 3:11-cv-0139 *et al.*, 2011 WL 2270864, at *6 (W.D. La. May 4, 2011), adopted, 2011 WL 2214348 (W.D. La. June 7, 2011).

To the extent that plaintiff is attempting to argue that his federal right to equal protection has been violated, that claim likewise fails. Simply put, "[t]he Equal Protection Clause directs that persons similarly situated should be treated alike. To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the

---

[3] In pertinent part, § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to *the deprivation of any rights, privileges, or immunities secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983 (emphasis added).

5

plaintiff because of membership in a protected class." Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999) (citation and quotation marks omitted).  Here, plaintiff alleges that he is being denied participation credit because he is a maximum-security inmate.  Crucially, however, he does not allege that other maximum-security inmates are eligible for such credit; rather, he alleges only that maximum-security inmates are being treated differently than low- and medium-security inmates.  That is fatal to his claim, because prisoners of different custodial classes obviously are not "similarly situated."  Moreover, maximum-security inmates are not a "protected class" for equal protection purposes.

Lastly, to the extent that plaintiff is arguing that the defendants have not appropriately considered and resolved his administrative grievances, that claim simply is not actionable.  Inmates have no federal constitutional right to an adequate and effective grievance procedure or to have their complaints investigated or resolved to their satisfaction.  Bonneville v. Basse, 536 Fed. App'x 502, 503 (5th Cir. 2013); Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this twenty-eighth day of December, 2015.

                          **SALLY SHUSHAN**
                          **UNITED STATES MAGISTRATE JUDGE**